## THE JOSEPH PEENE, SR.

### (District Court, E. D. New York. July 29, 1919.)

COLLISION ⬤➡125—EXTENT OF DAMAGES—EVIDENCE.

Evidence that the port side of libelant barge struck a pier, and that its starboard side brought up against the port side of respondent tug, etc., *held* not to establish that certain damage to the starboard side of the barge was caused by the collision.

In Admiralty. Libel by Thomas McAndrews, Jr., against the steam tug Joseph Peene, Sr.; the Ben Franklin Transportation Company, claimant. Decree for libelant.

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Park & Mattison, of New York City, for claimant.

CHATFIELD, District Judge. This suit has been brought for injuries received by the barge Thomas McAndrews upon the 5th day of March, 1918. The McAndrews was at that time in tow of a tug the Joseph Peene, Sr., which attempted to land the barge at Pier 46, Brooklyn. The destination was Hoboken, but the Peene took the McAndrews into Pier 46, intending to moor her there while going into the Erie Basin to get another boat. As they were rounding to at the end of the pier, the strength of the flood tide and the headway of the tow forced the port side of the barge, a little aft of amidships, against the corner of the pier. The tug had the barge upon her own port side, and as the barge came in contact with the pier the starboard side of the barge brought up against the port side of the tug, and it is alleged that one of the tug fenders also caused damage to the starboard side of the barge.

Several hearings have been had at different times in this case, with a view to obtain exact information as to the breaks which appear in the top rails of the barge, in order to ascertain whether these breaks were so situated and were of such a nature that they could have been caused by the blow in question. The deck of this barge is supported by crossbeams some 10 or 12 feet apart. On the port side the top rail extends back some 55 feet from the bow, where it laps the after top rail with a long beveled joint or scarf. The break was in the after port log, just back or aft of the joint in question. One of the

crossbeams of the deck is located just forward of this joint. On the starboard side the forward top log was found cracked through the beveled portion at the after end of that top log, and opposite the forward beveled end of the top log running aft. This joint upon the starboard side of the boat was forward, however, of the cross deck beams above referred to.

The libelant alleges that the forces opposed to each other between the corner of the pier and the fender of the tug resulted in a twisting squeeze, causing the break in question. It is evident that, as the top logs were bolted together at these beveled joints, force exerted against the port side would drive in the port top log, and thus carry with it the cross deck beams, and this in turn would tend to carry out the starboard top log.

But the libelant argues that, if the starboard top log were thrust outward by this blow, the pressure of the boat fender against the joint in the top log on the starboard side would cause a break, which from the viewpoint of the entire top log as a whole, might seem to have been bent in. The respondent contends that, if the cross deck beam forced the starboard top log out, any obstruction, such as the fender of the boat, would hold the forward top log, and, if the top log broke aft of this obstruction, that the break must have been outward.

It is apparent that the existence of the breaks on both sides of the boat would not settle by their mere presence the issue as to which of these theories is correct. If it were satisfactorily shown that both top logs were in good condition before the blow, and if the break was found upon both sides, the court would have to be compelled to reach the conclusion that in some way or other the blow had caused both breaks, even though the explanation of the defendant as to the probable result of such a blow in forcing the starboard top log out is the more natural to expect. The surveyors for both sides are reputable men, whose statements must be believed, and we have therefore an expression by the surveyor for the libelant that the break on the starboard side showed that the top log had been driven in. The impression received by the surveyor for the claimant was that this top log had been driven out, but both surveyors agreed that the crack or break upon the starboard side was darker in color, and one surveyor for the claimant is positive that this dark color showed immediately after the break, indicating that the crack or break was old, and merely presented a weak point in the top log on the starboard side, allowing it to be displaced by the force of the blow against the corner of the dock.

The claimant's testimony is further borne out by the evidence of the witnesses for the tug, who testify that the tug was nowhere in contact with the side of the barge in the neighborhood of the break upon the starboard side, and that no fender was anywhere near this point. It is apparent that if the tug was fastened forward of this point, and thereby exerted some twisting force when the port side of the barge came in contact with the corner of the dock, the damages resulting from the blow must be limited to the break upon the

top logs upon the port side, and to such damage as resulted from the driving of the cross deck beams against the top rail upon the starboard side; but the break in the starboard rail itself, and the expense of renewing the top rail, should not be charged against the tug.

Upon all of the testimony it would seem that the libelant has not shown that the damage to the top log upon the starboard side of the boat was entirely caused at the time of the accident. The boat has not been repaired. It is an old boat, and the breaks are such that the boat has continued to be used without repairs. This would bear out the theory that an injury to the top log upon the starboard side might have been allowed to remain without repair from some previous blow, which did not necessitate immediate attention.

The libelant may have a decree for the damages inflicted upon the port side of the boat, for any damage to the deck beam, and for such damages upon the starboard side of the boat as are necessitated by the renewal of the rail and the preparation work incident to undertaking the repairs. The libelant will not be allowed to recover for the actual cost of the new top log upon the starboard side, nor for the immediate work necessary to taking out the broken top log and putting the new one in place.